J. C. SNELL v. THE STATE.

No. 4117. Decided May 19, 1909.

1.—Local Option—Charge of Court—Want of Knowledge.

Where upon trial of a violation of the local option law the defendant testified that he was not aware that any intoxicating liquors were being sold by others on his account, the court erred in failing to submit this issue as requested by defendant's special charge.

2.—Same—Evidence—Sale.

Upon trial of a violation of the local option law the court erred in rejecting defendant's testimony that he did not intend to violate the law, in connection with his want of knowledge of the sale of the alleged beer.

Appeal from the County Court of Bosque. Tried below before the Hon. P. S. Hale.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of a violation of the local option law, his punishment being assessed at a fine of $25 and twenty days confinement in the county jail.

The facts in substance show that there were cards printed and scattered about the town stating that those who wished to take dinner at the Snell Hotel could get all the beer they wanted on that day. It is further in evidence that appellant handed out several of these cards. It is further shown that a keg of beer was placed in the bath room in the hotel which adjoined the dining room, or was near it. Appellant, besides others, had two boarders, one of whom stayed at the keg of beer and served it, and the other remained at the dining room door and received pay from the guests as they entered. The usual price for dinner at the hotel was 25 cents. On this occasion the young man who stood at the door collected from 50 cents to $1 from the guests; that those who dined at the hotel went to the bath room and drank beer, as much as they desired, and then entered the dining room, paying the young man at the door as they went in. It seems to have been a custom in the little town for parties to send off and have beer shipped in by the cask and get together and drink it and that they took this "by turns." The two guests above mentioned seemed to have been a part of this crowd. The beer on these occasions was not sold by the party who shipped it into the town, but he and his friends drank it without cost to the friends. Appellant's testimony is to the effect that he was not aware that the boys were selling any beer on the occasion and did not even know that they had beer at the hotel until after dinner hour had passed, and that the young men who stood at the door only paid him five dollars as the amount realized from the guests who dined at the hotel. The substance of his testimony was that he was not aware of the fact that the beer was there or was being served. This theory of the case was not presented by the charge of the court. Appellant excepted to this failure of the court and requested that the jury be charged that if appellant was in nowise connected with the sale of the beer, if it was sold, or had no interest or knowledge of the sale, he should be acquitted. This was refused. We think this charge should have been given. The court may not have believed appellant's testimony, but this does not constitute a reason why this theory should not have been appropriately presented to the jury, and especially so when a written request was prepared and presented.

Appellant proposed to prove by himself in connection with his want of knowledge of the sale of the beer, or the giving away of beer and its presence in his hotel, that he did not intend to violate the local option law or engage in the sale of any beer at the hotel. We are

of 'opinion that upon another trial he should be permitted to so testify.

For the reasons indicated the judgment is reversed and the cause is remanded.

*Reversed and remanded.*